**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELIZABETH GONZALEZ-MARCIEL,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-70868

Agency No. A202-010-773

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 2, 2020[**]
Pasadena, California

Before:  CALLAHAN and LEE, Circuit Judges, and LYNN,[***] District Judge.

Elizabeth Gonzalez-Marciel, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' (BIA) dismissal of his[1] appeal from

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***]      The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

[1] Gonzalez-Marciel's preference for masculine pronouns is reflected herein.

an immigration judge's (IJ) order denying him withholding of removal and protection under the Convention Against Torture (CAT). He argues that it is neither safe nor reasonable for him to relocate to Mexico City because he would likely be persecuted or tortured there. However, despite his credibility and past persecution for being a transgender male, the record supports the BIA's finding that with relocation to Mexico City he has not shown a probability of future persecution or torture. Accordingly, his petition is denied.[2]

Gonzalez-Marciel contends that the IJ improperly placed the burden on him to prove that relocation to Mexico City would be unreasonable, a legal error left uncorrected by the BIA. We review the agency's legal determinations de novo, including "interpretation of the Immigration and Nationality Act." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018) (citation omitted). The IJ's decision, when read in its entirety, reflects a proper application of 8 C.F.R. § 1208.16(b)(1) (placing burden on the government to rebut presumption of future persecution). The IJ: (1) stated that Gonzalez-Marciel's past persecution gave rise to a presumption of future persecution; (2) found that the presumption was rebutted by a preponderance of the evidence; *and then* (3) afforded Gonzalez-Marciel the opportunity to show it would be unsafe or unreasonable for him to relocate to

---

[2] Because the parties are familiar with the facts of this application, we do not discuss them at length here.

Mexico City. The BIA correctly found that the IJ did not place the burden on Gonzalez-Marciel to prove that relocation to Mexico City would be unreasonable.

The BIA denied Gonzalez-Marciel's claim for withholding of removal, agreeing with the IJ that the record as a whole shows that Gonzalez-Marciel could safely relocate to Mexico City. We review factual findings under the deferential substantial evidence standard. *Singh v. Holder*, 656 F.3d 1047, 1051 (9th Cir. 2011). A decision may be "supported by substantial evidence despite the presence of conflicting or ambiguous information in the country reports." *Singh v. Holder*, 753 F.3d 826, 833 (9th Cir. 2014).

Gonzalez-Marciel contends that the BIA relied on changes in Mexican law designed to protect LGBT people, without verifying if those laws were effective. However, the IJ, as instructed by the BIA,[3] looked beyond mere changes in the law. The IJ cited multiple reports of tangible improvements in the treatment of the LGBT community in Mexico City. The BIA agreed that it would be "substantially safer" for Gonzalez-Marciel to live in Mexico City than in his home state, *Singh v. Whitaker*, 914 F.3d 654, 659–60 (9th Cir. 2019), a finding that is supported by substantial evidence.

---

[3] The BIA initially remanded to the immigration court, instructing the second IJ to account for any failure of the Mexican legal system to protect transgender people. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051 (9th Cir. 2017) (en banc).

The BIA denied Gonzalez-Marciel's claim for CAT relief, primarily because he did not prove that Mexican officials were involved or acquiesced in his past beatings and rapes. Gonzalez-Marciel was raped by his brother and beaten by other family members when he was young, without any police awareness. He further alleged that he was threatened by local gangsters, but did not show that they had any clear connection to the police. Without any showing that officials knew about his past mistreatment, Gonzalez-Marciel needed to prove that it is more likely than not that he will be tortured if removed to Mexico City, by supplying evidence of his inability to safely relocate there, and gross, flagrant, or mass human rights violations in Mexico. 8 C.F.R. § 1208.16(c).

Because substantial evidence supports the BIA's determination that Gonzalez-Marciel can safely relocate to Mexico City, the petition for review is **DENIED**.